■ In the Matter of the Estate of GERTRUDE RANK, Deceased. EUGENE KLEIN et al., Appellants; BENEDICT J. RANK, Respondent.—*Per Curiam.* Appeal from a decree of Warren County Surrogate's Court, entered June 2, 1964, admitting the will to probate following an inquest before a jury in the Supreme Court of Warren County. There is no serious dispute as to chronology. The case was marked ready for trial at the opening of the February 1964 Term of Supreme Court in Warren County and on the 7th placed on the Day Calendar at which time the possibility of withdrawal of the objections to the proposed will was discussed. On February 11 the attorney for the contestants advised the attorney for the proponent that one of his witnesses was ill and was in turn advised that any postponement would be opposed. Meanwhile the proponent's chief witness had come from Wisconsin and was in court ready to proceed to trial. The attorney for the contestants moved to put the case over the term on the grounds that one of his witnesses was ill. Neither an affidavit as to the materiality of this witness nor a doctor's certificate was presented to the court. The motion was granted on condition, among other things, that a doctor's certificate be filed, and a day certain was designated at the May Term to be presided over by the same Justice. On April 4 the attorney for the proponent wrote to the presiding Justice and sent a copy of the letter to the attorney for the contestants in which he stated that the conditions imposed upon the contestants in putting the case over the term had not been complied with and that on the designated day in May he would be prepared to offer formal proof as to the validity of the will. The court in a letter dated April 17, 1964 stated that he had not received a doctor's certificate and reaffirmed the designated date for trial. There is some question as to whether a doctor's certificate was ever presented but in any event, the one that appears in the record does not constitute a legal excuse for putting the case over the term. On the designated day in May the contestants and their attorney were present and from what we can glean from the record, it appears that the court advised the attorney that there had been a failure to comply with the conditions imposed and in accordance with a Fourth District procedural rule, it had no alternative but to direct the proponent's

attorney to offer his proof before the jury. The witness from Wisconsin was not present, the proponent expecting to submit only the formal proof because of the failure of compliance by contestants. At the completion of the testimony of the subscribing witnesses, the attorney for the proponent moved for and the court granted a directed verdict. The attorney for the contestants then objected to " the whole proceeding as illegal and unwarranted and not in accordance with the CPLR". Contestants waived any objections they might have had to the conditions imposed at the February Term, by not at that time taking any exception and by failing to act in any way prior to the May Term, being on notice, as they were, that proponent intended to proceed with his formal proof. Under the circumstances, there is no showing on this appeal which requires vacating the decree of probate. We do not premise our decision on the violation of any Fourth District rule. Decree affirmed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.